FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 13 2024

MITCHELL R. ELFERS
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                            No. CR 24-1346 JB

PAUL JESSEN, Jr.,

    Defendant.

## ORDER

THIS MATTER having come before the Court upon the Unopposed Motion of Defendant to Continue Trial and Associated Deadlines (Doc. 16); it appearing that the government does not object to the granting of the motion; it appearing that the Defendant has waived his rights to a speedy trial under 18 U.S.C. § 3161; the Court being duly advised in the circumstances of this matter, and it appearing that pursuant to *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) good grounds exist for the granting of the motion, the Court FINDS that it should be granted.

THE COURT FURTHER FINDS pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice are best served by granting a continuance of trial and that the ends of justice so served outweigh the interests of the public and the Defendant in a speedy trial. The Court FINDS that additional time is required for the parties to attempt to resolve this case.

IT IS THEREFORE ORDERED that the trial in this cause currently scheduled for December 9, 2024, be and hereby is **vacated** and continued to _March 10_, 2025 at 9:00 a.m. (trailing docket). IT IS FURTHER ORDERED that the period of time between December 9, 2024, and the new trial date shall be excluded for purposes of speedy trial computation pursuant to 18 U.S.C. § 3161.

*/s/ James O. Browning*
UNITED STATES DISTRICT JUDGE

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed November 29, 2024 (Doc. 16). Specifically, the Defendant's need to permit counsel to continue to receive and review discovery disclosures, conduct an investigation, continue to engage in plea negotiations with the government, and if plea negotiations are unsuccessful, to provide counsel with additional time in which to research and finalize pretrial motions, interview witnesses, and otherwise prepare for trial, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for _March 10, 2025_. The pretrial motion deadline is _February 18, 2025_. This _90_- day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

JB
12/12/24

2