IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No. 1:24-cr-01346-JB

PAUL JESSEN, JR.,

    Defendant.

### ORDER REGARDING *LAFLER/FRYE* HEARING

**THIS MATTER** came before the Court on the parties' Joint Motion for *Lafler/Frye* Hearing, Doc. 64, and Judge Browning's order granting the motion for a hearing, Doc. 65. The Court held a *Lafler/Frye* hearing on January 9, 2026. *See* Doc. 72. AUSA Sean Long[1] appeared on behalf of the United States. Erlinda Johnson and Joel Meyers appeared on behalf of Defendant Paul Jessen, Jr., who was personally present. *See id.*

Based on the representations of counsel and the testimony of Mr. Jessen, the Court finds the following facts:

On October 30, 2025, Mr. Long emailed a plea offer to Mr. Meyers and Ms. Johnson in the form of a proposed plea agreement, which was attached to the email.[2] Mr. Meyers and Ms. Johnson together met with Mr. Jessen at least twice (in person and by Zoom), and Mr. Meyers met with Mr. Jessen separately as well, to discuss the plea offer and the proposed plea agreement. Altogether they spent at least six hours over the course of a few weeks with Mr.

---

[1] Mr. Long is an AUSA in the Northern District of Texas, which is the U.S. Attorney's Office handling this case.

[2] The proposed plea agreement and email are attached under seal to the clerk's minutes as Government Exhibits 1 and 2, respectively. *See* Docs. 72-1, 72-2.

Jessen going over the proposed plea offer. Mr. Jessen had the opportunity to ask any questions he had about the plea offer, and his lawyers answered all of Mr. Jessen's questions to his satisfaction. Mr. Meyers also wrote two memos to Mr. Jessen about the plea offer. The attorneys discussed with Mr. Jessen what his sentencing guideline range likely would be if he accepted the plea offer, as well as the likely result if he proceeded to trial and was convicted. Ms. Johnson explained to Mr. Jessen that he would not have to state in open court what he did that makes him guilty, but that he instead could rely on the factual basis in the plea agreement. Mr. Jessen stated that he understood this. After the multiple discussions with his attorneys and after taking time to consider his options, Mr. Jessen decided to reject the government's plea offer. Although the plea offer that was made to Mr. Jessen was contingent on Mr. Jessen also negotiating a resolution of a different case being handled by the U.S. Attorney's Office in Albuquerque, Mr. Jessen never entered into those discussions with the Albuquerque USAO because he decided to reject the plea offer made to him in this case.

Ms. Johnson, Mr. Meyers, and Mr. Jessen all confirmed that the plea offer they discussed was the one reflected in Government's Exhibit 1. Mr. Jessen testified that he and his attorneys discussed the pros and cons of accepting the plea offer, and that he decided not to accept the plea offer after having those discussions. He understood that by not accepting the plea offer, his case likely would go to trial. He also understood that if he is convicted at trial, his sentence may be longer than the sentence he would have received under the government's plea offer.

**IT IS THEREFORE ORDERED** that the parties' request for *Lafler/Frye* Hearing is **GRANTED** to the extent that the Court held the hearing. The Court finds that the United States extended one formal plea offer to Mr. Jessen by email on October 30, 2025, that the offer was

conveyed and explained to Mr. Jessen in a timely manner, and, after consulting at length with his attorneys, Mr. Jessen knowingly and voluntarily rejected the plea offer.

_____
**LAURA FASHING
U.S. MAGISTRATE JUDGE**