### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                         No. CR 24-1346 JB

PAUL JESSEN, JR.,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Defendant Paul Jessen's Motion in Limine to Admit Government Statements as Admissions of a Party Opponent Under Federal Rule of Evidence 801(d)(2), filed June 1, 2026 (Doc. 102)("MIL"); and (ii) the Government's Motion to Reconsider the Court's Ruling Admitting FBI Investigative Report, filed June 25, 2026 (Doc. 127)("Motion to Reconsider").  The Court holds a hearing on the MIL on June 22, 2026, and on the Motion to Reconsider on July 1, 2026.  Clerk's Minutes at 1, filed June 22, 2026 (Doc. 119). See Clerk's Minutes at 1, filed July 1, 2026 (Doc. 138).  The primary issues are: (i) whether the Court will admit the Federal Bureau of Investigation Electronic Communication (dated January 7, 2022), filed June 1, 2026 (Doc. 102-1)("FBI Report"), at trial as a statement of a party opponent under rule 801(d)(2) of the Federal Rules of Evidence; and (ii) whether the Court will admit the email from Fred Federici to Jonathan Garson, James Braun, Shana Long, and Peter Eicker  (dated January 13, 2022), filed June 25, 2026 (Doc. 127-1)("AUSA Email").  The Court concludes that: (i) it will admit the FBI Report at trial under rule 801(d)(2), because the FBI agent and the Assistant United States Attorney make the statements as government officials within the scope of their employment; and (ii) the Court will not admit the AUSA Email at trial, because the United States

offers no exception to the hearsay rule that makes it admissible, and the Court does not see an exception that allows the AUSA Email's admission. The Court therefore grants the MIL and denies the Motion to Reconsider.

**ANALYSIS**

Here, the Court confronts a hearsay-within-hearsay issue, because the FBI Report is hearsay and also recounts statements that an Assistant United States Attorney makes. Double hearsay is admissible only "if each part of the combined statements conforms with an exception to the hearsay rule." Gross v. Burggraf Const. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). The Court therefore first determines whether the FBI Report is admissible and then whether the Assistant United States Attorney's statements, as the FBI Report describes them, are admissible. The Court concludes that both the FBI Report and the AUSA's statements are admissible. The Court then considers whether the AUSA Email is admissible and determines that it is not admissible.

## I.     THE FBI REPORT IS ADMISSIBILE.

Rule 801(d)(2) provides that a statement otherwise constituting hearsay is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship while it existed." Fed. R. Evid. 801(d)(2)(D). Accordingly, the FBI Report is admissible if three conditions are present: (i) the United States is Jessen's opposing party; (ii) a United States employee prepares the FBI report; and (iii) the employee prepares the FBI Report within the scope of that employee's duties.

The United States is Jessen's opposing party. The question is whether the entire federal government is the "opposing party" in a criminal case for rule 801(d)(2)'s purposes. The cases that address this question reject the view that every federal employee speaks for the United States. See Feis v. United States, 484 Fed. App'x 625, 626-27 (2nd Cir. 2012); United States v. Ballou, 59

F. Supp. 3d 1038, 1074 (D.N.M. October 16, 2014)(Browning, J.). The opposing-party statement's admissibility "is not based on reliability; rather, they are admitted as part of the adversary system." United States v. Ballou, 59 F. Supp. 3d at 1074. Put differently, the statements are admissible, because the opposing party makes them and should be bound by them, regardless of their truth. The Court could define the plaintiff party in a criminal case at several levels of specificity: the entire federal government, the Department of Justice, the United States Attorney's Office, or the individual AUSA on the prosecution team. The United States Court of Appeals for the First Circuit concludes that, at a minimum, Department of Justice employees' statements qualify as opposing-party admissions:

> We first must determine whether the government is a "party-opponent" for purposes of this rule in a criminal case. We agree with Judge Bazelon that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases." United States v. Morgan, 581 F.2d 933, 937 n. 10 (D.C. Cir. 1978). We can find no authority to the contrary or reason to think otherwise. Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, cf. United States v. American Tel. & Tel., 498 F. Supp. 353, 356-58 (D.D.C. 1980)(civil case), the Justice Department certainly should be considered such.

United States v. Kattar, 840 F.2d 118, 130 (1st Cir. 1988)(Coffin, J.).

The Tenth Circuit has not addressed this issue squarely. The Court previously concludes that the defendant may use a prosecutor's arguments in a prior trial in a subsequent trial, but does not define rule 801(d)(2)(D)'s scope in a criminal case. See United States v. Ganadonegro, 854 F. Supp. 2d 1088, 1101-07 (D.N.M. 2012)(Browning, J.). The Tenth Circuit limits rule 801(d)(2)(D)'s scope -- in all cases, not just those involving the United States -- to situation in which the "party-opponent . . . controls the daily task of the declarant." Boren v. Sable, 887 F.2d 1032, 1039 (10th Cir. 1989). Read literally in the criminal context, that language could limit rule 801(d)(2)(D) to the statements of officers whom the President directly supervises. That reading cannot be reconcile, however, with the substantial body of authority admitting AUSA's statements

-- whom the President does not supervise directly -- as opposing party admissions.  See United States v. Ganadonegro, 854 F. Supp. 2d at 1101-07.  The Court therefore adheres to its conclusion that "a more reasonable construction is that the Department of Justice is the 'party' pitted against the criminal defendant for hearsay purposes, and that only Department of Justice employees' statements are attributable to the United States and admissible under rule 801(d)(2)(D)."  United States v. Ballou, 59 F. Supp. 3d at 1075.  Here, the Department of Justice is the relevant opposing party, and FBI agents are Department of Justice employees.  The only remaining question is whether the FBI agent who prepare the FBI Report act within the scope of that employment.  Preparing investigative reports falls within an FBI agent's official duties.  The Court therefore concludes that the FBI Report is admissible under rule 801(d)(2)(D).

## II.    THE AUSA'S STATEMENTS AS THE FBI REPORT DESCRIBES THEM, ARE ADMISSIBLE.

Again, rule 801(d)(2) provides that a statement otherwise constituting hearsay is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship while it existed."  Fed. R. Evid. 801(d)(2)(D).  Accordingly, the AUSA's statements, as the FBI Report describes them, are admissible if three conditions are present: (i) the United States is Jessen's opposing party; (ii) a United States employee makes the statements; and (iii) the employee makes the statements within the scope of that employee's duties.

As discussed above, the United States is Jessen's opposing party.  Moreover, AUSAs are employees of the United States.  See United States v. Ballou, 59 F. Supp. 3d at 1074-75.  Finally, the United States effectively concedes that the challenged statements fall within an AUSA's official responsibilities.  The United States acknowledges: "AUSAs regularly consult with federal agencies to provide opinions on legal standards and guidance regarding ongoing investigations --

indeed, it is their job.  This requires an AUSA to advise on the strength (or weakness) of the evidence and provide preliminary assessments of how that evidence interfaces with the law." Response at 4.  The statements to the FBI concerning the viability of a federal obstruction charge are therefore examples of statements made within the scope of an Assistant United States Attorney's employment.  The Court therefore concludes that the Assistant United States Attorney's statements, as the FBI Report describes the statements, are admissible under rule 801(d)(2)(D).

The United States advances several arguments why the Court nevertheless should exclude those statements.  None persuade the Court to change its conclusion.

First, the United States contends that statements by AUSAs are admissible under rule 801(d)(2) only if the attorney formally adopts the statements in litigation.  See Response at 3.  In support, it cites United States v. Ganadonegro, but that decision does not support that proposition. There, the Court analyzes admissibility under rule 801(d)(2)(B), which expressly requires that the party manifest an adoption or belief in the truth of the statement.  See United States v. Ganadonegro, 854 F. Supp. 2d at 1116.  Because the statements are admissible under rule 801(d)(2)(B), the Court expressly declines to decide their admissibility under rule 801(d)(2)(D). See United States v. Ganadonegro, 854 F. Supp. 2d at 1116.  Here, by contrast, admissibility rests on rule 801(d)(2)(D), which contains no adoption requirement.  Importing rule 801(d)(2)(B)'s manifest-adoption requirement into rule 801(d)(2)(D) effectively nullifies subdivision (D) whenever counsel is the declarant.  The rules contain no such limitation, and the Court declines to create one.

Second, the United States argues that the FBI Report "provides little clarity on which party made the statements Jessen seeks to offer."  Response at 6.  Specifically, the United States contends that it is unclear whether the AUSA communicates the legal opinion to the DEA or to the FBI.  See

Response at 6.  The FBI Report does not support that reading.  The FBI Report states: "[T]he USAO-DNM opined that the Deputy had not committed federal obstruction of justice violations. In December 2021, AQ SAC Bujanda and ASAC Brown were briefed on the USAO-DNM's position."  FBI Report at 1-2.  That language's natural reading is that an employee of the United States Attorney's Office communicates its legal position to the FBI.  Even assuming some uncertainty remains, Jessen need establish only by a preponderance of the evidence that the opposing party makes the statement.  United States v. Baca, 409 F. Supp. 3d 1041, 1080 (D.N.M. May 30, 2019)(Browning J.).  The communication originates from the United States Attorney's Office.  Rule 801(d)(2)(D) does not require Jessen to identify the particular AUSA who conveyed the position of the United States Attorney's Office.

The United States also argues that the FBI Report is irrelevant, because it reflects a legal position that the United States later abandons.  See Response at 10.  The argument fails.  Rule 401 establishes a deliberately low threshold for relevance, and the FBI Report is probative.  To prove obstruction of justice, the United States must establish that a potential grand jury proceeding was reasonably foreseeable.  See United States v. Ahrensfield, 698 F.3d 1310, 1324 (10th Cir. 2012). Evidence that the United States Attorney's Office previously concludes that no federal obstruction offense occurred tends to make it less likely that a federal grand jury investigation reasonably is foreseeable at the relevant time.

Finally, the United States argues that rule 403 requires exclusion because the evidence will confuse the issues.  See Response at 11.  The Court disagrees.  This case will be tried to a jury actively observing the United States prosecute Jessen for the charged offenses.  No reasonable juror will conclude that the United States presently believes Jessen commits no crime, because the evidence shows that prosecutors previously reached a different legal assessment.  At most, the

evidence demonstrates that the United States' position evolved over time.  That possibility does not substantially outweigh the evidence's probative value, particularly where the evidence bears on the foreseeability element of the obstruction charge.  The AUSA's statements, as the FBI Report describes them, are therefore admissible under rule 801(d)(2)(D).

**III.    THE AUSA EMAIL IS NOT ADMISSIBLE WHEN OFFERED BY THE UNITED STATES.**

As a preliminary matter, the Motion to Reconsider reinforces, rather than undermines, the Court's conclusion that the FBI Report is admissible.  Although opposing-party admissions are not admissible because they are reliable, the AUSA Email independently corroborates the accuracy of the FBI Report's account.  See United States v. Ballou, 59 F. Supp. 3d at 1074.  In the AUSA Email, Fred Federici writes: "Having reviewed the transcripts of the calls that Shana forwarded earlier in the BCSO matter, I think it may be worthwhile to revisit the question of whether we might be in a position to pursue possible charges under 18 U.S.C. § 1512(b)(2)(A) or (B) or 18 U.S.C. § 1512(c)(2)."  AUSA Email at 1.  The email confirms that the United States Attorney's Office initially concludes that the available evidence does not support an obstruction prosecution and only later reconsiders that position after reviewing additional materials.  Rather than undermining the FBI Report, the email corroborates it.  The United States identifies no basis on which the AUSA Email alters the Court's analysis.  The Court therefore adheres to its conclusion that both the FBI Report and the AUSA's statements described in the FBI Report are admissible under rule 801(d)(2)(D).

The United States also asks the Court to admit the AUSA Email to rebut the FBI Report's substance.  See Motion to Reconsider at 3.  The Motion identifies, however, no rule of evidence that renders the otherwise hearsay email admissible when the United States offers the evidence.  If Jessen elects to offer the AUSA Email, it is admissible as an opposing party statement under rule

801(d)(2)(D).  The United States is offering its own out-of-court statement for the truth of the matter but offers no hearsay exception for it.  The United States cannot circumvent the hearsay rules by offering its own out-of-court statements merely because they are responsive to admissible evidence.  The Court therefore denies the Motion to Reconsider.

**IT IS ORDERED** that: (i) Defendant Paul Jessen's Motion in Limine to Admit Government Statements as Admissions of a Party Opponent Under Federal Rule of Evidence 801(d)(2), filed June 1, 2026 (Doc. 102), is granted; and (ii) the Government's Motion to Reconsider the Court's Ruling Admitting FBI Investigative Report, filed June 25, 2026 (Doc. 127), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Raybould
  United States Attorney
Sean M. Long
Ryan Redd
  Assistant United States Attorney
United States Attorney's Office
Lubbock, Texas

     *Attorneys for the Plaintiff*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

-- and --

Joel R. Meyers
Law Office of Joel R. Meyers
Santa Fe, New Mexico

     *Attorneys for the Defendant*