IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                 No. CR 24-1346 JB

PAUL JESSEN, JR.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Defendant Paul Jessen, Jr.'s Notice of Objections to Court's First Proposed Preliminary Jury Instructions, filed July 1, 2026 (Doc. 142)("Jessen Objections"); and (ii) the Government's Objections to the Court's Third Proposed Preliminary Jury Instructions, filed July 2, 2026 (Doc. 145)("USA Objections").  The primary issues are: (i) whether the Court will remove Count I's element one, because Fischer v. United States, 603 U.S. 480 (2024)("Fischer"), limits 18 U.S.C. § 1512(c)(2)'s applicability to conduct that impairs the availability or integrity of records, documents, objects, or other things used in an official proceeding; (ii) whether the Court will add the word "corrupt" to Count I's element two, because Jessen must have corruptly agreed to impair the evidence; (iii) whether the Court will add the word "willfully" to Count I, because the Indictment, filed September 24, 2024 (Doc. 1), includes the word "willfully"; (iv) whether the Court will remove Count II's element one, because Fischer limits § 1512(c)(2)'s applicability to conduct that impairs the availability or integrity of records, documents, objects, or other things used in an official proceeding; (v) whether the Court will add the word "willfully" to Counts II and III, because the Indictment includes the word "willfully"; (vi) whether the Court will modify Counts II and III's element four to clarify that the

nexus relates to Jessen's evidence-impairing conduct; (vii) whether the Court will substitute the words "judicial branch" for "executive branch" in Counts IV and V's element four, because the Indictment alleges that Jessen makes statements in a matter within executive branch jurisdiction; (viii) whether the Court will separate Counts IV and V in the preliminary instruction, because they are separate counts in the Indictment; (ix) whether the Court will rewrite Counts II and III's first element to place the attempt requirement at the end of the clause; and (x) whether the Court will define "corruptly" in Counts II and III's element two.  The Court concludes that: (i) it will combine Count I's element one and element two, because, to obstruct justice under § 1512(c)(2), Jessen must impair the availability or integrity of records, documents, objects, or other things used in an official proceeding; (ii) the Court does not add the word "corrupt" to Count I's element two, because the Court combines Count I's element one and two; (iii) the Court does not not add the word "willfully" to Count I's element four, because § 1512(c)(2) does not include the word "willfully"; (iv) the Court combines Counts II and III's element one and element two, because, to obstruct justice under § 1512(c)(2), Jessen must impair the availability or integrity of records, documents, objects, or other things used in an official proceeding; (v) the Court does not add the word "willfully" to Count II and III's element one and two, because § 1512(c)(2) does not include the word "willfully"; (vi) the Court does need not clarify the nexus in Counts II and III's element four, because the Court combines element one and element two; (vii) the Court substitutes the words "judicial branch" for "executive branch" in Counts IV and V's element four, because the Indictment alleges that Jessen makes the statements in a matter within the executive branch's jurisdiction; (viii) the Court does not separate Counts IV and V in the preliminary instruction, because the separation results in unnecessary repetition in a preliminary instruction, but will separate them in the final jury instruction; (ix) the Court rewrites Counts II and III's first element

to place the attempt requirement at the end of the clause, because that language more closely aligns with <u>Fischer</u>; and (x) the Court will not define "corruptly" in the preliminary instructions, but will add the definition to the instruction's body in the final instructions.

<strong><u>ANALYSIS</u></strong>

The Court sustains the Jessen Objections in part and overrules the Jessen Objections in part. Moreover, the Court sustains the USA Objections in part and overrules the USA Objections in part. The Fourth Proposed Preliminary Jury Instructions, filed July 2, 2026 (Doc. 146)("Fourth Preliminary Instruction"), reflects the current elements.

**I.      THE COURT COMBINES COUNT I'S ELEMENTS ONE AND TWO.**

Jessen objects to the Court including both elements one and two in Count I, arguing that "a juror could understand element one as independently sufficient" to prove the obstruction charge. Jessen Objections at 2. The Court addresses this concern in the Court's Third Proposed Preliminary Jury Instructions, filed July 2, 2026 (Doc. 144)("Third Preliminary Instructions"), by combining Count I's elements one and two. <u>See</u> Third Preliminary Instructions at 4. While the Court does not think there is much risk that the jury will skip an element, the Court agrees that the United States cannot prove element one without also proving element two.

**II.     THE COURT NEED NOT ADDRESS JESSEN'S ARGUMENT TO ADD THE WORD "CORRUPT" TO COUNT I'S ELEMENT TWO, BECAUSE THE COURT COLLAPSE ELEMENTS ONE AND TWO INTO ONE ELEMENT.**

Jessen argues that the element addressing the <u>Fischer</u> evidence-impairment requirement must make clear that Jessen "corruptly agreed to impair such evidence." Jessen Objections at 3. The Court addresses this concern in the Third Preliminary Instructions by combining Count I's elements one and two so that element one expressly requires that Jessen acts corruptly to impair the evidence. <u>See</u> Third Preliminary Instructions at 4.

- 3 -

III.    **THE COURT DOES NOT ADD THE WORD "WILLFULLY" TO COUNT I.**

Jessen argues that the Court should add the word "willfully" to Count I, because the Indictment includes the word "willfully." Jessen Objections at 3. The Court will not add this word, because 18 U.S.C. § 1512(c)(2) does not require the United States to prove that a defendant acts willfully; § 1512(c)(2) requires only that the defendant acts corruptly. See 18 U.S.C. § 1512(c)(2).

The Tenth Circuit addresses this issue in United States v. Williamson, 746 F.3d 987 (10th Cir. 2014). There, the Tenth Circuit holds that the district court does not need to define "willfully" in its jury instructions because the governing statute did not use that term. 746 F.3d at 991. Instead, the statute requires the United States to prove that the defendant acts "corruptly," and the jury instructions properly track that statutory language. See 746 F.3d at 991. Likewise, § 1512(c)(2) defines the required mens rea as acting "corruptly" and not "willfully." See 18 U.S.C. § 1512(c)(2); The Committee on Federal Criminal Jury Instructions of the Seventh Circuit, THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, 18 U.S.C. § 1512(C)(2) OTHERWISE OBSTRUCT OFFICIAL PROCEEDING -- ELEMENTS, at 726 (2023 Ed.); Ninth Circuit Jury Instructions Committee, Manual of MODEL CRIMINAL JURY INSTRUCTIONS For the District Courts of the Ninth Circuit 19.5 Obstruction of Justice -- Official Proceeding (18 U.S.C. § 1512(c))(Last Updated March 2026). Accordingly, the Court will instruct the jury on the meaning of "corruptly," but it will not add a willfulness requirement that Congress does not include.

To the extent that Jessen argues that the United States must prove both willfulness and corrupt intent solely because the Indictment includes the word "willfully," that argument is unpersuasive. "When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage and such surplusage need not be proved." United States v. Harper,

579 F.2d 1235, 1239-40 (10th Cir. 1978).  Likewise, although the United States may allege facts beyond those necessary to establish the statutory elements, and the Grand Jury may find more facts than necessary, the United States at trial need prove only the elements that the statute requires.  See United States v. Powell, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000).

## IV.  THE COURT COMBINES COUNTS II AND III'S ELEMENTS ONE AND TWO.

Jessen objects to including both elements one and two in Counts II and III, arguing again that a juror could misunderstand element one as independently sufficient to prove the obstruction charge.  See Jessen Objections at 4.  The Court addresses this concern in the Court's Third Preliminary Instruction by combining Counts II and III's elements one and two.  See Third Preliminary Instructions at 4-5.

## V.  THE COURT DOES NOT ADD THE WORD "WILLFULLY" TO COUNTS II and III.

Jessen argues that the Court should add the word "willfully" to Counts II and III, because the Indictment includes the word "willfully." Jessen Objections at 5.  The Court will not add the word willfully; § 1512(c)(2) does not require the United States to prove that Jessen acts willfully. Section 1512(c)(2) requires only that the defendant acted corruptly.  18 U.S.C. § 1512(c)(2); supra at 3-4.  Also, gratuitously adding "willfully" adds ambiguity, because "willfully" is not easily defined.  See Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, CRIMINAL PATTERN JURY INSTRUCTIONS 1.38, at 55-56 (Revised Published March 11, 2026).

## VI.  THE COURT NEED NOT ADRESS JESSEN'S NEXUS ARGUMENT.

Jessen argues that the Court should clarify that the nexus requirement in element four of Counts II and III is between Jessen's evidence-impairing conduct in element two rather than merely the obstruction conduct in element one.  See Jessen Objections at 5.  The Court addresses

this concern in the Third Preliminary Instructions by combining elements one and two of Counts II and III, thereby eliminating any potential confusion.  See Third Preliminary Instructions at 4-5.

## VII.    THE COURT CORRECTS COUNTS IV AND V TO STATE EXECUTIVE BRANCH RATHER THAN JUDICIAL BRANCH.

Jessen argues that the Court should substitute the words "judicial branch" for "executive branch" in Counts IV and V's element four, because the Indictment alleges that Jessen makes the statements in a matter within the executive branch's jurisdiction.  Jessen Objections at 6.  The Court addresses this concern in the Third Preliminary Instructions by substituting "judicial branch" for "executive branch."  Third Preliminary Instructions at 5.

## VIII.    THE COURT WILL NOT INSTRUCT COUNTS IV AND V SEPARATELY IN THE PRELIMINARY INSTRUCTION.

Jessen argues that the Court should instruct the jury separately on Counts IV and V, because the Court's use of "and/or" "creates a risk of a non-unanimous verdict."  Jessen Objections at 7.  The Court declines to instruct on Counts IV and V separately in the preliminary instructions because doing so would be unnecessarily repetitive at the beginning of the case.  The Court wants the jury to know the elements, to know what to listen for, and to know what to look for in the evidence.  The Court does not give the jury at this early stage all the definitions, bells, and whistles, but just a brief roadmap.  The Court will, however, instruct on Counts IV and V separately in the final instructions.  The Court will be sensitive to the need to assure a unanimous verdict.

## IX.    THE COURT REWRITES COUNTS II AND III'S FIRST ELEMENT TO PLACE THE ATTEMPT REQUIREMENT AT THE END OF THE CLAUSE.

The United States argues that the Court should rewrite Counts II and III's first element to place the attempt requirement at the end of the clause, because this placement more closely follows Fischer's language.  See USA Objections at 1.  The Court addresses this concern in the Fourth Proposed Preliminary Jury Instructions, filed July 2, 2026 (Doc. 146)("Fourth Preliminary

Instruction"), by rewriting Counts II and III's first element to place the attempt requirement at the end of the clause.

## X.   THE COURT WILL NOT DEFINE "CORRUPTLY" IN COUNTS II AND III'S THIRD ELEMENT.

The United States argues that the Court should define "corruptly" in element three of Counts II and III.  See USA Objections at 2-3.  The Court declines to define the word in the preliminary instructions, but will include the Tenth Circuit's definition of "corruptly" in the body of the final instructions for Counts II and III.  The Court also notes that both the United States and Jessen agree that the Tenth Circuit's definition is the appropriate one.

**IT IS ORDERED** that: (i) the Objections in Defendant Paul Jessen, Jr.'s Notice of Objections to Court's First Proposed Preliminary Jury Instructions, filed July 1, 2026 (Doc. 142), are sustained in part and overruled in part; and (ii) the Government's Objections to the Court's Third Proposed Preliminary Jury Instructions, filed July 2, 2026 (Doc. 145), are sustained in part and overruled in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Raybould
  United States Attorney
Sean M. Long
Ryan Redd
  Assistant United States Attorney
United States Attorney's Office
Lubbock, Texas

  *Attorneys for the Plaintiff*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

-- and --

Joel R. Meyers
Law Office of Joel R. Meyers
Santa Fe, New Mexico

      *Attorneys for the Defendant*