**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 24-1346 JB

PAUL JESSEN, JR.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion in Limine to Exclude Evidence Regarding "Empty Files" Within Text Messages, filed June 1, 2026 (Doc. 104)("1st Motion in Limine"); (ii) the Defendant's Motion in Limine to Preclude Witnesses from Testifying about their Interpretation of Various Text Messages to Which They Were Not a Participant, filed June 1, 2026 (Doc. 105)("2nd Motion in Limine"); (iii) the Defendant Paul Jessen's Motion to Exclude Expert Testimony by a Case Agent, filed June 22, 2026 (Doc. 121)("Motion to Exclude"); and (iv) the Defendant Paul Jessen's Motion for a Judgment of Acquittal as a Matter of Law, filed July 9, 2026 (Doc. 154)("Motion for a Judgment of Acquittal"). The Court holds hearings on June 22, 2026, June 24, 2026, and July 9, 2026. See Clerk's Minutes at 1, filed June 22, 2026 (Doc. 119); Clerk's Minutes at 1, filed June 24, 2026; Draft Transcript of Hearing (taken July 9, 2026)("July 9, 2026, Tr.")(Court).[1] The primary issues are: (i) whether the Court should exclude the introduction of evidence of "Empty Files" within text message exhibits; (ii) whether the Court should preclude witnesses from testifying about their interpretation of text

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

messages to which they are not a participant; (iii) whether the Court should exclude the proposed expert testimony of Drug Enforcement Administration Special Agent Collin Stradling; and (iv) whether the Court should grant Jessen's Motion for a Judgment of Acquittal. The Court concludes that: (i) for the reasons stated on the record at the hearing, the Court will not exclude evidence regarding "Empty Files" within text messages, see Draft Transcript of Hearing at 20:1-15 (taken June 22, 2025)("June 22, 2025, Tr.")(Court)[2]; (ii) for the reasons stated on the record at the hearing, the Court will permit a witness to testify regarding vocabulary used in text messages that the parties believe the jury may not understand, see June 22, 2025, Tr. at 29:17-30:23 (Court); (iii) for the reasons stated on the record at the hearing, the Court will allow Agent Stradling to testify as a fact witness, see Draft Transcript of Hearing at 24:25-25:25 (taken June 24, 2026)("June 24, 2026, Tr.")(Court)[3]; and (iv) for the reasons stated on the record at the hearing, the Court denies the Motion for Judgment of Acquittal, see July 9, 2026, Tr. at 202:6-25 (Court).

**IT IS ORDERED** that: (i) the Defendant's Motion in Limine to Exclude Evidence Regarding "Empty Files" Within Text Messages, filed June 1, 2026 (Doc. 104), is denied; (ii) the Defendant's Motion in Limine to Preclude Witnesses from Testifying about their Interpretation of Various Text Messages to Which They Were Not a Participant, filed June 1, 2026 (Doc. 105), is denied in part and granted in part; (iii) the Defendant Paul Jessen's Motion to Exclude Expert Testimony by a Case Agent, filed June 22, 2026 (Doc. 121), is denied in part and granted in part;

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[3] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

and (iv) the Defendant Paul Jessen's Motion for a Judgment of Acquittal as a Matter of Law, filed July 9, 2026 (Doc. 154), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Raybould
United States Attorney
Sean M. Long
Ryan Redd
Assistant United States Attorney
United States Attorney's Office
Lubbock, Texas

*Attorneys for the Plaintiff*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

-- and --

Joel R. Meyers
Law Office of Joel R. Meyers
Santa Fe, New Mexico

*Attorneys for the Defendant*